# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIMMIE WILLIAMS,               )
                              )
                Plaintiff,    )          Case No. 2:12-cv-01022-GMN-CWH
                              )
vs.                           )          **ORDER**
                              )
JOHNNIE B. SHAW JR., *et al.*, )          Application to Proceed *In Forma Pauperis*
                              )          (#1) and Screening of Complaint
                Defendant.    )
_____)

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed June 15, 2012.  By way of this action, Plaintiff requests that the Court quiet title in his favor to property situated in Las Vegas, Nevada.

## DISCUSSION

**I.     Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing the financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to

1   relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be

2   dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual

3   scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual

4   frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

5   incredible, whether or not there are judicially noticeable facts available to contradict them."

6   *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under §

7   1915(e), the plaintiff should be given leave to amend the complaint with directions as to how to

8   cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

9   not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

10          **A.      Jurisdiction**

11          As a general matter, federal courts are courts of limited jurisdiction and possess only that

12   power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).

13   Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil

14   actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises

15   under' federal law either where federal law creates the cause of action or 'where the vindication

16   of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican

17   Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd.

18   v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of

19   federal-question jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc.

20   v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal

21   jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

22   pleaded complaint." *Id.*  Plaintiff has not stated a federal claim.  His only claim is for quiet title

23   claim pursuant to Nevada state law.  Thus, no federal question jurisdiction pursuant to 28 U.S.C.

24   § 1331 exists.

25          **B.      Diversity Jurisdiction**

26          Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil

27   actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000"

28   and where the matter is between "citizens of different states."  Plaintiff has not invoked the

court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because he has not alleged that the parties are citizens of different states. To the contrary, the complaint indicates that all parties are citizens of Nevada. Because all of the claims arise under Nevada state law and the parties are all citizens of Nevada, the Court finds that it does not have jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Generally, when a court dismisses a complaint under § 1915(e), a plaintiff is given leave to amend the complaint unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **granted**. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30)** days from the date that this Order is entered to file an amended complaint correcting the noted deficiencies. Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 16th day of August, 2012.

C.W. Hoffman, Jr.
United States Magistrate Judge

3